Chief Justice Robertsoí,,
delivered the opinion of the Court.
This appeal is prosecuted to reverse a judgment obtained by the appellee, (in consequence of an instruction by the court to the jury, that the facts proved entitled him to a verdict,) in an action of ejectment to recover from the appellant a lot in the town of Dover.
The demise was laid on the 1st of May, 1830, and the only proof on the trial, (as we feel authorized to infer from the tenor of the bill of exceptions,) was that, in the winter of 1829-30, McCoy sold the lot to Harle, and gave his bond for the title; that Harle forthwith took possession under the contract, with the assent of McCoy; was to pay the price in two instalments, the first in March, 1830, and the last one year after the date of the bond.
Harle offered the bond, (dated January 11, 1830,) as evidence; and also offered to prove a tender of the first instalment; but was overruled by the court,
The ^eSa^ deduction from the foregoing facts, is, that as the appellant entered under the appellee, he is thereby estopped to deny his title, or require any t[ 00f j ltg validity. But it does not necessarily follow, (as the circuit court seems to have thought it did,) that the appellee had a right, without any other proof, to a verdict in this suit.
There is no fact in the record tending in any de§rce Prove that the appellant was a trespasser, or *319 that his possession had, by any act or omission by him, become tortious in fact, or in contemplation of law. It does not appear that he had renounced the contract, or refused to fulfill it, or denied the appellee’s title, or had, in any way, been disloyal to the relation which the contract had created; nor does it appear that the appellee had ever demanded restitution, or done any act equivalent to such a demand. It seems, therefore, that the possession of the appellant was, at the date of the demise, as it was when first taken, lawful, and that consequently he should not be deemed a quasi trespasser and subjected, as such, to the vexation, costs, and damages incident to an action of ejectment, which can be maintained only against a wrong doer.
He was not a tenant from year to year. He was not even a tenant at will or at sufferance, according to the technical import and consequeuees of tenancy; because there was no contract of lease, express or implied, and no action for rent nor for use and occupation, could be maintained against him. He entered under color of title, and not as tenant. Roberts on Frauds, 147; Strange, 783; Smith vs. Stewart, VI. Johnson’s Reports, 48; Bancroft vs. Wardwell, XIII. Ib. 490.
Nevertheless, it seems to be the settled law in England, established, not by any modern statute inapplicable here, but upon principles of reason and right, which should prevail every where, that a bona-fide occupant, who entered under an executory agreement for purchase, cannot be evicted as a trespasser, in an action of ejectment by his vendor, without a notice to quit, or demand of possession, prior to the date of the demise, or unless he shall, before that time, have done something which, by operation of law, converted his possession from a lawful to a tortious one. See III. v. Starkie on Ev. 1612; Sugden on Ven. 1. Am. Ed. 174; Adams on Ejectment, Tillenghast’s Ed. 103-6-17; II. Wheaton’s Selwyn, 531; II. Chitty’s Blackstone, 150, and. n. 14.
The same doctrine is recognised in some, if not all, of the states of this Union. It has been repeat *320 edlv recognised in New York. See Smith vs. Stewart, supra; Jackson vs. Rowan, IX. Johnson, 330. Jackson vs. Kingsley, XVII Ib. 158.
Ejectment cannot be maintained against one who entered legally, and has done no act, by which his possession has become wrongful. It can only be maintained against a trespasser or quasi trespasser Bowl for title competent evidence in ejectment by vendor or vendee, to show the n*>tnre of vendees possession.
.Reid and Depcw, for plaintiff; Brown, for defendant.
None of these dicta or cases are authoritative here, but thev tend persuasively to show what the law is or ought to he in thiss state, as well as elsewhere; and as we know of no authority to the contrary, and the doctrine seem* to he reasonable and just, we feel authorized to declare it to be the law of Kentucky.
The appellant., having entered under a lawful title, cannot he deemed a trespasser without proof of some wrongful act. The law will not [¡resume that his possession had become unlawful, and hence reason and analogy seem to forbid, that he should be subjected to a suit for a wrong of which he had not been gniltv, in fact, or by construction of law, unless he had refused to surrender on a sufficient demand or notice to quit, or had been guilty of some positive act which rendered his retention of possession wrongful in fact, or in contemplation of law; such, for example, as a denial of the appellee’s title, or a disavowal or renunciation of the contract: a mere failure to pay would not, of itself, be sufficient, "
Wherefore, as the instruction given to the jury by the court, was inconsistent with the foregoing doctrine, the verdict and judgment are erroneous.
It also follows, as a eorrollorv, that the circuit court erred in rejecting the bond for a title; because it was the best evidence of the terms under which the appellant had entered and held.
Judgment reversed, verdict set aside, and cause remanded for a new trial.